United States District Court
Southern District of Texas
**ENTERED**
July 08, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Rapid Medical Transportation Corp., *Plaintiff,* | § § § § | |
| v. | § § | Civil Action H-23-3111 |
| Xavier Becerra, Secretary of the United States Department of Health and Human Services, *Defendant.* | § § § § § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 15. Pending before the court is Defendant Xavier Becerra's Motion to Dismiss, ECF No. 13. The court recommends that the motion to dismiss be **GRANTED IN PART**.

### *1. Background*

Plaintiff Rapid Medical Transportation Corp. (Rapid Medical), an ambulance service company, seeks judicial review of a final decision of the Medicare Appeals Council. The Council found that the Centers for Medicare and Medicaid Services (CMS) was entitled to recover from Rapid Medical overpayments of $1,282,757 and $6,143.88. ECF No. 1 at 1–5. According to Rapid Medical's Complaint, Qlarant, a Unified Program Integrity Contractor,[1] reviewed Rapid Medical's claims for reimbursement.

---

[1] "The United Program Integrity Contractors (UPICs) perform fraud, waste, and abuse detection, deterrence and prevention activities for Medicare and Medicaid claims processed in the United States." Ctrs. for Medicare & Medicaid Servs., *Definition of Contractors*, CMS.GOV, https://www.cms.gov/data-research/monitoring-programs/medicare-fee-

*Id.* at 1–2. Of Rapid Medical's 3,901 claims, Qlarant reviewed a statistical sample of thirty claims. *Id.* From its analysis of those thirty claims, Qlarant mathematically extrapolated the total overpayment. *Id.*

Rapid Medical sought reconsideration of the post-audit claim denials and received several unfavorable decisions. ECF No. 1 at 2. Rapid Medical obtained a hearing before an administrative law judge (ALJ), who issued an "unfavorable" decision but found that "The use of statistical sampling and subsequent extrapolation methodologies is not valid in this case. [Rapid Medical] is not liable for the extrapolated overpayment [of $1,282,757]." *Id.* at 3. The ALJ found the statistical sampling invalid because of "the potential for causing adverse financial effects to each of the beneficiaries in the universe" and the inability to afford adequate due process to Rapid Medical and all potential parties. ECF No. 1-1 at 4 (ALJ's decision). The ALJ further explained that the claim denial and overpayment estimation:

> endangers the financial interests of both the beneficiaries that were sampled and all the beneficiaries that are in the extrapolated universe. Given that beneficiaries in the universe may potentially be held liable for services projected to fall short of Medicare requirements for coverage . . . it follows that each beneficiary in the universe may have a financial interest in jeopardy when the sampled ambulance services are excluded from coverage.

*Id.* at 3–4.

The Council reversed the ALJ's invalidation of the statistical sampling and extrapolation and held that "CMS is authorized by

---

service-compliance-programs/review-contractor-directory-interactive-map#Top (last modified Oct. 26, 2023, 4:56 PM).

law to recover the extrapolated overpayment assessed against [Rapid Medical] in connection with the UPIC's audit of [Rapid Medical's] claims for Medicare coverage of non-emergency ambulance transportation services." *See* ECF No. 1 at 5 ¶ 8; ECF No. 1-1 at 17 (the Council's decision).

Rapid Medical seeks judicial review of the Council's final decision pursuant to 42 C.F.R. § 405.1136, *see* ECF No. 1 at 5 ¶ 8, which permits judicial review of the findings of the Secretary of the Department of Health and Human Services. 42 C.F.R. § 405.1136(f)(1).

Secretary Becerra seeks dismissal of Rapid Medical's complaint on three grounds. The Secretary argues that the court lacks subject matter jurisdiction because Rapid Medical and its patients lack standing to challenge the Council's decision based on the alleged failure to provide notice to third parties. The Secretary further argues that the court lacks subject matter jurisdiction because Rapid Medical's patients failed to satisfy statutory prerequisites to bringing suit. Finally, the Secretary argues that Rapid Medical failed to state a claim upon which relief may be granted. ECF No. 13 at 8–15.

## 2. *Motion to Dismiss Legal Standards*

### A. *Rule 12(b)(1)*

A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

Federal courts' subject matter jurisdiction extends "only to 'Cases' and 'Controversies.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (quoting U.S. Const. art. III, § 2). Constitutional

"[s]tanding to sue is a doctrine rooted in the traditional understanding of a case or controversy" and is an "essential component[] of federal subject matter jurisdiction [that] can be raised at any time by either party or the court." *Id.* at 338; *McCall v. Dretke*, 390 F.3d 358, 361 (5th Cir. 2004). The elements of constitutional standing are that the plaintiff: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 578 U.S. at 338. The party asserting jurisdiction has the burden to prove by a preponderance of the evidence that the court has subject matter jurisdiction. *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020).

"A district court may dismiss a case under Rule 12(b)(1) based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020) (citation omitted).

### *B. Rule 12(b)(6)*

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally, the court is constrained to the "four corners of the complaint" to determine whether the plaintiff has stated a claim. *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011); *see also Loofbourrow v. Comm'r*, 208 F. Supp. 2d 698, 708 (S.D. Tex. 2002) ("the court may not look beyond the four corners of the plaintiff's pleadings."). In considering a motion to dismiss, the court must limit itself to: (1) the facts in the complaint; (2) documents attached to the complaint; and (3) matters of which the court may take judicial notice. *Walker v. Beaumont Indep. Sch.*

4

*Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). However, the court has discretion to consider "any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Such documents are considered part of the pleadings. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

### *3. Analysis*

Secretary Becerra challenges the court's subject matter jurisdiction by arguing that: (1) Rapid Medical lacks standing to challenge the Council's decision based on the failure to notify its patients; and (2) Rapid Medical's patients failed to exhaust the administrative adjudication process that is necessary before filing suit. ECF No. 13 at 8–13.

The court turns first to the issue of standing. To the extent that Rapid Medical asserts a claim on behalf of its patients for the violation of the patients' due process rights, Rapid Medical did not suffer the injury and thus does not have standing. Rapid Medical's claims brought on behalf of third parties should be dismissed without prejudice. Having dismissed Rapid Medical's claims brought for injuries suffered by its patients, the court need not address Secretary Becerra's argument that Rapid Medical's patients, who are not plaintiffs in this lawsuit, failed to exhaust the administrative adjudication process that is necessary before filing suit.

To the extent that Rapid Medical complains about the lack of notice to its patients only as a basis for invalidating the statistical sampling and extrapolation—which would eliminate the $1,282,757 overpayment assessed against it—Rapid Medical does have standing. Rapid Medical was assessed a $1,282,757 overpayment that is traceable to Secretary Becerra's use of

statistical sampling and extrapolation, and Rapid Medical now seeks the court's review of that action. Rapid Medical states repeatedly in its Complaint that "The evidence of record supports the *invalidation of the statistical sampling and the extrapolation* due to the failure to notify the beneficiaries in the universe." ECF No. 1 ¶¶ 28, 35, 41, 47, 53; *see also* ¶ 56 ("Defendant acts *ultra vires* in failing to provide notification to the beneficiaries in the universe yet not invalidating the statistical sampling and extrapolation."). The court reads Rapid Medical's allegations as seeking relief only on its own behalf, albeit by virtue of an argument relating to lack of notice to its patients. To be clear, the court does not now weigh in on the merits of Rapid Medical's arguments, which the court will carefully revisit in the context of a summary judgment motion. The court makes only the limited finding that Rapid Medical has standing to complain about the finding that it was overpaid.

Secretary Becerra argues that Rapid Medical failed to state a claim upon which relief may be granted because it did not exhaust, and therefore waived, certain arguments by failing to raise them before the Council. ECF No. 13 at 13–15. The court cannot make such a determination at this early juncture. The only materials at the court's disposal are the complaint, its attachments, and the parties' briefs. *See Walker*, 938 F.3d at 735. These documents are insufficient to show what was raised and in what context during the administrative proceedings, which were apparently extensive. The court does not have access to the administrative transcript, which will show whether Rapid Medical has exhausted its claims. Therefore, Rapid Medical's complaint should not be dismissed for lack of exhaustion at this juncture. The court will revisit the issue of exhaustion in the context of a summary judgment motion.

Summary judgment is the preferred mechanism for resolving appeals of an administrative agency's final decisions. *See Girling Health Care v. Shalala*, 85 F.3d 211, 214 (5th Cir. 1996); *Encompass Health Rehab. Hosp. of Texarkana v. Becerra*, No. 5:22-CV-00148-RWS-JBB, 2024 WL 1505747, at *5 (E.D. Tex. Feb. 28, 2024); *Cypress Home Care v. Azar*, 326 F. Supp. 3d 307, 312 (5th Cir. 2018). As the Fifth Circuit explained in *Girling Health Care*,

> The summary judgment procedure is particularly appropriate in cases in which the court is asked to review or enforce a decision of a federal administrative agency. The explanation for this lies in the relationship between the summary judgment standard of *no genuine issue as to any material fact* and the nature of judicial review of administrative decisions . . . [T]he administrative agency is the fact finder. Judicial review has the function determining whether the administrative action is consistent with the law—that and no more.

85 F.3d 211, 214–15 (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2733 (1983)). Accordingly, the court will revisit in the context of a summary judgment motion all of the parties' arguments with respect to Rapid Medical's claims brought on its own behalf. The court's recommendation does not dispose of the merits of any of Rapid Medical's claims brought on its own behalf or any of the Secretary's arguments seeking dismissal of those claim. The parties shall discuss in their motions for summary judgment the appropriate standard of review for Rapid Medical's claims. *Compare, Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000) (determining that the standard set forth in 42 U.S.C. § 405(g), rather than the Administrative Procedure Act, 5 U.S.C. § 706 et seq., controls), *with, Harris Cnty. Hosp. Dist. v. Shalala*,

64 F.3d 220, 221–22 (5th Cir. 1995) (applying the standard of review set forth in the Administrative Procedure Act, 5 U.S.C. § 706 et seq.).

### 4. Conclusion

The court recommends that Defendant Xavier Becerra's Motion to Dismiss, ECF No. 13, be **GRANTED IN PART** and that Rapid Medical's claims brought on behalf of its patients be **DISMISSED WITHOUT PREJUDICE** for lack of standing.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on July 5, 2024.

_____
Peter Bray
United States Magistrate Judge